1

2

**GREGORY NICOLAYSEN (CA 98544)**
**Encino Bank Bldg**
**16000 Ventura Blvd**
**Ste 500**
**Encino, CA 91436**
**(818) 998-2706**
**Fax (818) 998-8427**
**Email: gregnicolaysen@aol.com**
**Attorney For Defendant,**
**Alexander Rivera**

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| UNITED STATES OF AMERICA, ) | CR 07-1172-DDP |
|---|---|
| ) | |
| ) | **NOTICE OF MOTION AND** |
| Plaintiff, ) | **MOTION BY DEFENDANT** |
| ) | **ALEXANDER RIVERA FOR** |
| ) | **ORDER (1) DISMISSING ALL** |
| ) | **CHARGES ON SPEEDY TRIAL** |
| v.                       ) | **GROUNDS;** |
| ) | **ALTERNATIVELY,** |
| ) | **(2) SETTING OSC HEARING** |
| ) | **TO REQUIRE GOVERNMENT** |
| ) | **TO PROVE THAT** |
| SERGIO PANTOJA, et al , ) | **DEFENDANT IS ABSENT OR** |
| ) | **UNAVAILABLE UNDER 18** |
| ) | **U.S.C. 3161(h)(3)** |
| Defendants ) | |
| ) | **DATE: January 4,  2010** |
| ) | **TIME: 3:00 p.m.** |
| ) | **CTRM: HON. Dean D. Pregerson** |
| _____ ) | |

TO:   THE U.S. GOVERNMENT, THROUGH ITS COUNSEL OF
      RECORD, ASSISTANT U.S. ATTORNEY, BRIAN R.
      MICHAEL:

      PLEASE TAKE NOTICE that on January 4, 2010, at 3:00 p.m., before

the Honorable Dean D. Pregerson, Judge of the United States District Court,

defendant Alexander Rivera will move the Court for an Order dismissing the

charges against him *with prejudice* in both the original indictment and the

Second Superseding Indictment filed in this action, CR 07-1172-DDP, based

on speedy trial violations.  Alternatively, Mr. Rivera seeks an evidentiary

hearing for the purpose of having the Court require the government to meet

its statutory burden of establishing that Mr. Rivera is either absent or

unavailable within the meaning of 18 U.S.C. 3161(h)(3).

      This motion is brought pursuant to the speedy trial sanctions provisions

set forth in18 U.S.C. 3162(a)(2), specifically as to the following standards:

            (a)(2) If a defendant is not brought to trial within the

            time limit required by section 3161 (c) as extended by

            section 3161 (h), the information or indictment shall

            be dismissed on motion of the defendant. The

            defendant shall have the burden of proof of

2

supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3).  In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

The motion is based on this notice of motion, the attached Memorandum of Points and Authorities, the files and records of this case,  and all other evidence and argument that the Court may allow counsel to  present at the hearing on this motion.

DATED: December 4, 2009                    Respectfully Submitted,

_____
                                           /S/
                                    GREGORY NICOLAYSEN
                                    Counsel for Defendant,
                                    Alexander Rivera

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

A.  Procedural History Relevant to this Motion

On October 18, 2007, the original indictment was filed against eighteen defendants, including Alexander Rivera, for conspiracy to distribute and distribution of crack cocaine, in violation of 21 U.S.C. §841 and §846.  [Pacer #1].  Mr. Rivera made his initial appearance before the duty magistrate on October 24, 2007, at which time his current CJA counsel was appointed and Rivera was detained without bond. [Pacer #45].

A First Superseding Indictment was filed on Nov 15, 2007.  [Pacer #94].

As a pretrial detainee, Mr. Rivera was housed at the MDC-LA.  In February 2009, the federal government deported Mr. Rivera back to his native country.  The Bureau of Prisons did not notify defense counsel of the deportation.  Defense counsel was notified by the AUSA in this case in March 2009.[1]  The position of the U.S. Attorney's Office ("USAO"), as communicated to defense counsel, is that the deportation was done by mistake and without the prior knowledge of the USAO.

At the time of Mr. Rivera's deportation, the pending trial date was May

---

[1]      The web site of the Federal Bureau of Prisons (www.bop.gov), in the Inmate Locator section, reflects Mr. Rivera as having been "Released", with a release date of February 10, 2009.

4

5, 2009.  [Pacer #275].

On April 8, 2009, a Speedy Trial stipulation was filed by the government  [the "April 8 stipulation"] which represented that all defense counsel and their clients -- with the exception of Rivera and one other defendant, Edi Pineda Rivas -- agreed to continue the trial date from May 5, 2009 to Feb 2, 2010.  [Pacer #312].  The stipulation does not contain the signature of either Rivera or his counsel.

With regard to Rivera, the April 8 stipulation contained the following statements [italics added below]:

"Counsel for defendant RIVERA is not a party to this stipulation because he was unable to communicate with his client *due to his recent and unexpected deportation (which occurred  without the knowledge or consent of government counsel)*. Because RIVAS and RIVERA are joined for trial with the other defendants whom (sic) have consented to the trial continuance and exclusion of time requested herein, because a severance has neither been sought nor granted by RIVAS and RIVERA, and *because RIVERA is currently absent and unavailable*, the government submits that the Court may continue the trial date and exclude time for all defendants, including RIVAS and RIVERA, as requested herein."

By its terms, the stipulation, which was prepared by the

government, makes clear that the government filed the April 8 stipulation with full knowledge that Rivera had been deported. [par 22, page 6, line 19 to page 7, line 4].

The government's reference in the stipulation that "Rivera is currently absent and unavailable" was highly inappropriate because, as discussed further in the following sections of this motion, this representation in the stipulation is based on a statutory standard under 18 U.S.C. 3161(h)(3) which imposes a burden of proof on the government to prove that a defendant is either absent or unavailable in order for the court to make a proper finding of excludable time.  Instead of acknowledging or fulfilling its burden of proof, government counsel merely made a representation to the Court in the body of the April 8 stipulation that "Rivera is currently absent and unavailable".  To make matters worse, the April 8 stipulation was submitted to the Court over the objection of defense counsel, who did not sign the stipulation; and no hearing was held on the matter.

On April 16, 2009, the court approved the stipulation and in so doing, continued the May 5, 2009 trial date to Feb 2, 2010.  [Pacer # 323], which is the current trial date as of the filing of this motion.  Regrettably, the April 16 order cites to 18 U.S.C. 3161(h)(3) – the statutory provision pertaining to an absent or unavailable defendant – as one of the grounds for finding excludable time.  The Court appears to have adopted at face value the representations by the government in the April 8 stipulation and thus incorporated section 3161(h)(3) into the Order.  This motion asks the Court to vacate the April 16 Order as to Rivera, specifically because that portion of the April 16 order that

is grounded on 3161(h)(3) was never properly established by the government.

On May 28, 2009 -- after the May 5 trial date had already passed -- the government filed its Second Superseding Indictment ("SSI"), which substantially expands this prosecution by adding RICO counts and designated certain defendants as death-eligible.  Mr. Rivera is named as a defendant in the SSI, including the conspiracy to commit racketeering charge and drug counts RICO charges.  [Pacer #343].

This motion is being filed at a point in time when the issue of seeking another trial continuance has been addressed through emails circulated between government counsel and defense counsel.  There appears to be a consensus between the government and all defense counsel – other than counsel for Rivera – that the February 2010 trial date should be continued by stipulation.

This motion is being filed to seek a ruling by the Court prior to the submission or approval of any new trial stipulation, by asking the Court to either find that Rivera's speedy trial rights have already been violated in connection with the April 8 stipulation; or, alternatively, by asking the Court to hold an evidentiary hearing prior to the issuance of any forthcoming speedy trial order that seeks to continue the current trial date of February 2, 2010, the purpose of such hearing being to have the government meet its statutory burden of proving absence / unavailability as to Rivera under 18 U.S.C. 3161(h)(3)/

## B.  Brief Summary Of Rivera's Grounds In Support Of Motion

This motion raises speedy trial issues which are matters of first impression in the Ninth Circuit.  There are no circuit opinions that provide direct guidance as to the legal outcome of the circumstances at hand.

In brief, Mr. Rivera respectfully contends that the charges against him in both the First and Second Superseding Indictments should be dismissed for the following reasons:

Once Rivera was deported,  the government's only option in preserving him as a defendant in this pending case, CR 07-1172-DDP, was to bring him back to this jurisdiction prior to the May 5, 2009 trial date which was in effect at the time of his deportation.  If Rivera was brought back prior to May 5, then he could either stipulate to continue the May trial date; or, at a status conference, the court could overrule his objection and continue the May 5 trial date.  The government's failure to bring Rivera back by May 5 has resulted in the irreversible violation of his speedy trial rights.  The filing of the April 8 stipulation, which lacks signatures from both Rivera and his counsel and which expressly acknowledges that Rivera had already been deported, does not cure the violation.  Nor does the filing of the second superseding indictment because it was filed on May 28, 2009 – three weeks after the May 5 trial date has already passed.

Alternatively, if the Court declines to dismiss the pending charges outright, an evidentiary hearing should be held for the purpose of requiring the government to prove that Rivera has been absent or unavailable within the meaning of the speedy trial statute, thereby establishing excludable time.

**II.**

**THE COURT SHOULD VACATE THE SPEEDY TRIAL ORDER**

**FILED ON APRIL 16, 2008 AS TO DEFENDANT RIVERA AND**

**DISMISS ALL CHARGES AGAINST RIVERA**

**BECAUSE THE GOVERNMENT (1) FAILED TO MEET ITS**

**BURDEN OF PROVING THAT RIVERA WAS EITHER**

**ABSENT OR UNAVAILABLE UNDER 18 USC 3161(h)(3)**

**AND THUS (2) FAILED TO ESTABLISH PROPER**

**GROUNDS FOR EXCLUDABLE TIME TO JUSTIFY A**

**CONTINUANCE OF THE MAY 5, 2009 TRIAL DATE**

A.    The Speedy Trial Act: The Absent / Unavailable Standard And
      The Government's Burden of Proof

The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, requires that a defendant be brought to trial

"within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act lists the periods of delay that the district court must exclude in computing the time within which the trial must commence.  For purposes of this motion, the following subsection of § 3161(h) is specifically applicable:

9

**(h)**

**. . .**

**(3)**

**(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.**

**(B) For purposes of subparagraph (A) of this paragraph, a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts *cannot be determined by due diligence*. For purposes of such subparagraph, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial *cannot be obtained by due diligence* or he resists appearing at or being returned for trial. [Italics added]**

**The sanctions for violating a defendant's speedy trial rights are set forth in 18 U.S.C. 3162. Specifically, section 3162(a)(2) provides that the government has the burden of proof where the government purports to base a finding of excludable time on the claim that the defendant is absent or unavailable under 3161(h)(3):**

10

> **(a)(2) If a defendant is not brought to trial within the time limit required by section 3161 (c) as extended by section 3161 (h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3).**

*Thus, under section 3161(h)(3), the government bears the burden of demonstrating that it has exercised the due diligence required by the statute, prior to any finding by the district court that the defendant is either absent or unavailable for speedy trial purposes.*

Acknowledging the language of section 3162(a)(2), the Ninth Circuit has observed that the government bears the burden of proof in regard to demonstrating excludable time under 3161(h)(3):

> **If the defendant is not brought to trial within the 70-day period mandated by the Speedy Trial Act (subtracting all properly excludable periods of delay), then the defendant may move for a dismissal of the indictment. See 18 U.S.C. § 3162(a)(2). The defendant has the burden of proving that the delay meets the**

criteria for dismissal. [FN 3]. Id.

> [FN 3] The exception to this rule is that
> "the Government shall have the burden
> of going forward with the evidence in
> connection with any exclusion of time
> under [§ ] 3161(h)(3)." § 3162(a)(2).
> Section 3161(h)(3) relates to the
> exclusion of periods of delay "resulting
> from the absence or unavailability of the
> defendant or an essential witness."

United States v. Medina, 524 F.3d 974, 980, fn. 3 (9th Cir. 2008) (affirming district court's dismissal of indictment on speedy trial grounds due to excessive pretrial delays).[2]

      B.     <u>Application Of Facts To Legal Standards: The Government Has Failed To Meet Its Burden Of Proof Under Section 3161(h)(3) To Demonstrate Excludable Time To Continue The May 5, 2009 Trial Date As To Defendant Rivera</u>

     In the case at bar, the government does not deny that it deported Rivera

---

[2]     The imposition of a burden of proof on the government to demonstrate that it has used due diligence to resolve a defendant's absence or unavailability before being able to rely on such as excludable time to continue a trial date, is similar to established case law holding that the government cannot benefit from a witness' absence or unavailability where the government was responsible for causing it. *See*, <u>United States v. Yida</u>, 498 F3d 945, 958  (9th Cir. 2007) (held that government may not use material witness' testimony from first trial in retrial where government deported the witness after the first trial and witness did not return for the retrial).

and that it did so sometime in February 2009.  The government also does not deny that since his deportation, Rivera has not been brought back to this district and that he remained deported and outside the district continuously through the May 5, 2009 trial date which was in effect at the time of his deportation.  No trial ever commenced as to Rivera in May 2009 or any time thereafter.

Thus, upon the passing of the May 5 trial date, Mr. Rivera's speedy trial rights were violated, as the government did not proceed to trial against him.

The April 8 stipulation does not resolve the speedy trial violation.  The only grounds set forth in the stipulation to support a finding of excludable time are those contained in paragraphs 19- 20, which pertain specifically to the voluminous amount of pretrial discovery  and the need for adequate time to prepare for trial and prepare pretrial motions.  These factual grounds for a continuance apply only to a defendant who is present in this district and thus able to participate in the litigation.  The government cannot deny that these grounds have no applicability whatsoever to Rivera.

The stipulation is also deficient as to Rivera by failing to demonstrate facts sufficient to meet the government's burden of proving that Rivera has been absent or unavailable within the meaning of section 3161(h)(3).  The stipulation in paragraph 22, at page 6, quoted earlier in this motion, simply states:

> because Rivera is currently absent and unavailable,
> the government submits that the Court may continue

the trial date and exclude time for all defendants,

including Rivas and Rivera, as requested herein. See

18 U.S.C. §§ 3161(h)(3)(A), (7).

This statement is merely conclusory and falls far short of demonstrating facts by which to meet the government's burden of proof.  The government completely overlooks the fact that the terms "absent" and "unavailable" both have legal definitions and consequences within the Speedy Trial Act, for which the government bears the burden, and are not to be construed in the generic parlance of everyday language.  Medina, *supra* at  981, fn 3.

Indeed, the fact that the stipulation acknowledges that the government had deported Rivera prior to the April 2008 stipulation raises significant questions as to whether the government is capable of meeting its burden of proof under section 3161(h)(3)

It must be noted, moreover, that a stipulation – particularly one that has not been signed by Rivera or his counsel – is hardly the forum in which to have the government attempt to meet its burden of proof under section 3161(h)(3).  A stipulation is a pleading that presents an agreement to the court as between the parties; it is not a document designed for unilateral advocacy by the government as to its burden.

The speedy trial violation was not avoided or cured by the filing of the Second Superseding Indictment (SSI)  because the SSI was filed AFTER the May 5, 2009 trial date.  Once that trial date came and went, Rivera's speedy trial rights had been violated irreversibly.  Any subsequent filing of a new indictment could not cure the violation.

14

For the reasons stated above, the record established by the April 8 stipulation and the April 16 Order fails to establish proper grounds for a finding of excludable time as to Rivera beyond the May 5, 2009 trial date. Accordingly, all charges should be dismissed on speedy trial grounds.

### C.   The Dismissal Should Be With Prejudice

Section 3162(a)(2) provides that if a defendant is not brought to trial within the 70-day period, the "indictment shall be dismissed on motion of the defendant." Whether the dismissal shall be with or without prejudice is left to the discretion of the judge, who "shall consider, among others, each of the following factors: 1) the seriousness of the offense; 2) the facts and circumstances of the case which led to the dismissal; and 3) the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).  When considering the facts and circumstances of the case which led to dismissal, the court should again consider the length of the pretrial delay because "the length of a delay standing alone is a significant 'measure of the seriousness of the speedy trial violation.'" *See*, Medina, 524 F.3d at 981.

The United States Supreme Court has held that by use of the phrase "among others," Congress intended that prejudice to the defendant be a fourth factor weighed by the district court.  United States v. Taylor, 487 U.S. 326, 334-35 (1988).  The Ninth Circuit has likewise recognized that the "sheer length of the period involved" can weigh toward a dismissal with prejudice. United States v. Clymer, 25 F.3d 824, 831-32 (9th Cir. 1994).

In the case at bar, all of the factors weigh in favor of a dismissal with prejudice:

### 1.    Seriousness Of The Offense

The SSI contains highly serious RICO and drug conspiracy charges. While defendant Rivera is not a high-level defendant, the volume of pretrial discovery, the complexity of the issues, and the potential sentencing consequences nonetheless impact him directly under the Relevant Conduct sentencing guideline, as he is charged in Count One with being a member of a conspiracy to commit racketeering, as well as being named in the drug conspiracy.

The volume of pretrial discovery is extremely large, as is the complexity of the issues.  The government has been depositing many tens of thousands of pages of materials with Copy Pro, the outside service.  As the months pass with Rivera not being here in this district to participate in his defense, CJA counsel cannot properly justify expenditures of time and charges to the CJA budget to study / analyze / outline the discovery materials and prepare for trial (or prepare for plea-related discussions), as there is no foreseeability that Rivera will be apprehended by the government or extradited back to this district.  Thus, Rivera's defense counsel has been put in the position by the government of having to step back from this litigation while the case as to Rivera remains in hiatus.  This is certainly appropriate from the perspective of billing the CJA fund.  However, it is also potentially problematic if the government were to apprehend Rivera a month before the new trial date.  Due

to the high volume of discovery and the complexity of the case, it would be impossible for defense counsel to begin to get up to speed and make up for the many months, or perhaps even a year, of down-time, and acquire the necessary level of knowledge regarding the evidence and legal issues so as to render effective assistance of counsel in either trial or plea negotiations.

Therefore, the factor of seriousness of the offense weighs in favor of dismissing the case with prejudice.

### 2. The Facts And Circumstances Of The Case Which Led To The Dismissal

This factor weighs particularly strongly in favor of dismissal with prejudice.  By deporting him when he was an inmate at MDC-LA, the government put itself in the position of being solely responsible for the fact that Rivera has been outside the United States and no longer a part of this pending prosecution.  The government has only itself to blame in causing the facts and circumstances that would lead to a dismissal on speedy trial grounds.  United States v. Yida, 498 F3d 945, 958  (9th Cir. 2007) (held that government may not use material witness' testimony from first trial in retrial where government deported the witness after the first trial and witness did not return for the retrial).

### 3. Other Factors

It is quite likely that key pretrial issues will be litigated in the coming months by co-defendants, including wiretap suppression motions and motions

in limine regarding evidence at trial.  If the Court dismissed the case without prejudice, and the government were to later apprehend Rivera and bring him back to this district, then Rivera would be in a situation where he would be essentially inheriting pretrial and trial-related rulings that had already been litigated by other counsel for co-defendants, and which have bearing on the case against Rivera.  Thus, wiretap rulings and in limine rulings would be imposed on Rivera, notwithstanding that Rivera and his counsel had not been able to participate in litigating those issues when they were being submitted in writing and argued orally at hearings.  This is patently unjust and supports a dismissal with prejudice.

## III.

### IF THE COURT DOES NOT DISMISS ALL CHARGES AGAINST RIVERA OUTRIGHT, THEN AN EVIDENTIARY HEARING SHOULD BE HELD TO REQUIRE THE GOVERNMENT TO MEET ITS BURDEN UNDER SECTION 3161(h)(3) TO SHOW THAT RIVERA HAS BEEN ABSENT OR UNAVAILABLE SO AS TO ESTABLISH EXCLUDABLE TIME TO CONTINUE THE MAY 5, 2009 TRIAL DATE TO FEBRUARY 2, 2010 AND ALSO TO MEET ITS BURDEN IN REGARD TO ANY ADDITIONAL EXCLUDABLE TIME IF THE FEBRUARY 2, 2010 TRIAL DATE WILL BE CONTINUED TO A FUTURE DATE

It is clear that the government has NOT met its burden of showing absence or unavailability to demonstrate proper grounds for a finding of excludable time to continue the May 5, 2009 trial date to February 2, 2010.  If the Court does not grant this motion by dismissing all charges outright, the government should be required to make the statutorily required showing of due diligence under section 3161(h)(3) to allow the court to make a proper finding of absence or unavailability.

The defense maintains that the government cannot meet its burden because the government is solely responsible for Rivera's absence / unavailability, by virtue of having deported Rivera back to his native country in Central America in February 2009.  Inadvertent or not, the deportation is solely the responsibility of the government.  At the evidentiary hearing, the government should be required by the court to prove how the government could possibly meet the due diligence showing required by statute in the face of its own error in deporting the defendant during the pendency of this prosecution.

The defense suggests the issuance of an Order To Show Cause re: Dismissal On Speedy Trial Grounds, which would put the matter on calendar for the evidentiary hearing.

Importantly, the Court should be advised that government counsel and all defense counsel have been in communication recently regarding the preparation, signing and filing of yet another speedy trial stipulation, for the purpose of continuing the February 2, 2010 trial date.  Thus, the speedy trial issues that this motion raises under section 3161(h)(3) in regard to the May 5,

1  2009 trial date would apply equally to any continuance of the February 2,

2  2010 trial date.

### IV.

### CONCLUSION

Based on the arguments presented above, counsel for Mr. Rivera respectfully requests that the Court

1.  Issue an order

    (A)  vacating its April 16, 2008 speedy trial order solely as to defendant Rivera, on the ground that the Order was not properly supported by evidence from the government that met the government's burden under 18 U.S.C. 3161(h)(3) to establish excludable time as to defendant Rivera to justify continuing the May 5, 2009 trial date as to Rivera.

    (B)  dismissing all charges against Rivera with prejudice.

Alternatively,

2.  Issuing an Order To Show Cause Re: Dismissal On Speedy Trial Grounds, and setting an evidentiary hearing, for the purpose of requiring the government to meet its burden of proof under section 3161(h)(3) to establish excludable time to continue the May 5, 2009 trial date to February 2, 2010 as to defendant Rivera; and also for the purpose of requiring the government to

meet its burden to make the same excludable time showing as to any continuance of the February 2, 2010 trial date to a future date.


DATED: December 4, 2009            Respectfully Submitted,



                                   _____
                                            /S/
                                   GREGORY NICOLAYSEN
                                   Counsel for Defendant,
                                   Alexander Rivera