GREGORY NICOLAYSEN (CA 98544)
27240 Turnberry Lane
Suite 200
Valencia, CA 91355
Phone: (818) 970-7247
Fax (818) 998-8427
Email: gregnicolaysen@aol.com
Attorney For Defendant,
Alexander Rivera

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SERGIO PANTOJA, et al , )<br>)<br>)<br>Defendants )<br>_____ ) | CR 07-1172-DDP<br><br>RESPONSE BY DEFENDANT ALEXANDER RIVERA TO GOVERNMENT'S SUPPLEMENTAL SUBMISSION FILED BY GOVERNMENT AFTER MOTION HEARING |

TO:   THE U.S. GOVERNMENT, THROUGH ITS COUNSEL OF RECORD, ASSISTANT U.S. ATTORNEY NILI T. MOGHADDAM:

Defendant Alexander Rivera hereby files his response to the

"Government's Supplemental Submission As To Defendant Alexander

1  Rivera's Motion To Dismiss," which was E-Filed by the government on
2
3  March 3, 2010 (Pacer #702).
4
5
6  DATED: March 15, 2010                Respectfully Submitted,
7
8
9                                       _____/S/_____
                                        **GREGORY NICOLAYSEN**
10                                      **Counsel for Defendant,**
                                        **Alexander Rivera**
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

A. **Procedural History Relevant To The Issues Raised By The Government**

    The flow-chart on the following page sets forth the pertinent events, including speedy trial stipulations and orders, in regard to the issues raised by the government in its supplemental papers.

| DATE | EVENT | PACER | STIP | ORDER | DATES COVERED |
|---|---|---|---|---|---|
| 10/18/07 | Original Indictment Filed | 1 | | | |
| 10/24/07 | Rivera's initial appearance before duty magistrate Paul Abrams; CJA atty Greg Nicolaysen appointed | 45 | | | |
| 11/01/07 | Rivera's post-indictment arraignment on Original Indictment | 85 | | | From Pacer #85: "Case assigned to Judge DEAN D. PREGERSON., (SPANISH) INTERPRETER Required Jury Trial set for 12/18/2007 09:00 AM" |
| 11/15/07 | First Superseding Indictment Filed | 94 | | | |
| 12/17/07 | | 145 | Stip to continue trial date | | From 12/18/2008 to 10/14/2008. |
| 12/17/07 | Rivera's post-indictment arraignment on First Superseding Indictment | 156 | | | |
| 12/18/07 | | 155 | | Order continuing trial date | From 12/18/2008 to 10/14/2008. |
| 09/17/08 | | 274 | Stip to continue trial date | | From 10/14/2008 to 05/05/2009 |
| 10/01/08 | | 275 | | Order continuing trial date | From 10/14/2008 to 05/05/2009 |
| Feb 2009 | **RIVERA DEPORTED** | | | | |
| 04/08/09 | | 312 | Stip to continue trial date. **Not signed or authorized by defendant** | | From 05/05/2009 to 02/02/10 |

4

| DATE | EVENT | PACER | STIP | ORDER | DATES COVERED |
|------|-------|-------|------|-------|---------------|
|  |  |  | Rivera or his counsel. |  |  |
| 04/16/09 |  | 323 |  | Order continuing trial date | From 05/05/2009 to 02/02/10.<br><br>Rivera disputes the validity of this order as to him |
| 05/05/09 | TRIAL DATE |  |  |  |  |
| 05/06/09 - 05/28/09 | *[Rivera contends speedy trial rights already violated]* |  |  |  |  |
| 05/28/09 | Second Superseding Indictment Filed ("SSI")<br><br>Rivera never arraigned on SSI | 343 |  |  |  |
| 12/04/09 | Motion filed by defendant Rivera to dismiss on speedy trial grounds. | 620 |  |  | Hearing initially set for 01/04/10.  Subsequently continued to 03/01/10 (Pacer #701) |
| 01/12/10 |  | 658 | Stip to continue trial date. |  | From 02/02/10 to 10/05/10 |

5

| DATE | EVENT | PACER | STIP | ORDER | DATES COVERED |
|---|---|---|---|---|---|
| 01/14/10 | | 663 | | Order continuing trial date | From 02/02/10 to 10/05/10 |
| 03/01/10 | Hearing on Rivera's motion to dismiss for speedy trial violation (under submission) | 701 | | | |

## II.

## THE SPEEDY TRIAL ORDER

## FILED ON APRIL 16, 2009

## IS NOT VALID AS TO DEFENDANT

## ALEXANDER RIVERA, AND

## HIS SPEEDY TRIAL RIGHTS WERE VIOLATED

## UPON THE PASSAGE OF THE MAY 5, 2009

## TRIAL DATE

The government contends that the speedy trial order filed by the Court on April 16, 2009 (Pacer #323) is valid as to defendant Rivera, and that the trial date was therefore continued as to Rivera from May 5, 2009 to February 2010 with a proper finding of excludable time covering this period as to Rivera. The government makes this argument in the hope that it can avoid the speedy trial violation resulting from the 3-week time lapse between the May 5, 2009 trial date and the May 28, 2009 filing of the Second Superseding Indictment.

The government is simply wrong in taking this position. The original moving papers filed by counsel for defendant Rivera on December 4, 2009

6

(Pacer #620) address this issue in depth, pointing out that the April 16, 2009 order was issued in regard to the stipulation previously filed on April 8, 2009 which was defective as to defendant Rivera in that

    (1) defendant Rivera had already been deported by the U.S. government at the time the April 8 stipulation was filed;

    (2) the April 8 stip was not signed by either Rivera or his counsel;

    (3) the stipulation does not fulfill the government's statutory burden of establishing that Rivera is either "absent" and "unavailable" within the meaning of the speedy trial statute, specifically 18 U.S.C. 3161(h)(3).

    (4) the government mis-uses the April 8 stipulation by treating it as a forum in which to argue its speedy trial position as to defendant Rivera, stating at page 7, lines 1-3:  " ... the government *submits* that the Court may continue the trial date and exclude time for all defendants, including RIVAS and RIVERA, as requested herein." (Italics added).

    The validity of the April 16 order is very much at the heart of the speedy trial arguments raised in the original moving papers.

    Due to the routine nature of speedy trial stipulations in the management court calendars, it cannot be emphasized enough that *this Court relied upon government counsel to properly notify the Court* of any irregularity in any stipulation filed which raises speedy trial issues that the court may need to address.  By its nature, a stipulation is a representation to the Court that all parties are in agreement; accordingly, it is routine for the Court to simply sign off on a stipulation, thereby approving it and filing the order to that

effect.  The Court did so here, by order filed on April 16, 2009.

However, the Court was not made aware by the government in advance that the April 8 stipulation contained speedy trial issues in regard to defendant Rivera and that the government was essentially arguing its position on the speedy trial issue in the body of the stipulation, rather than submitting an agreement among the parties.

It is the view of defense counsel, in part based on comments made by the Court at the March 1, 2010 motion hearing, that if government counsel had brought the Rivera speedy trial issue to the Court's attention at the same time that the April 8 stipulation was filed, the Court would not have simply signed off on the order as it did, but rather would have conducted a status conference to address the matter and possibly requested briefing on the issue, as would subsequently occur in the filing of Rivera's motion to dismiss and the government's opposition.

By not alerting the court to the speedy trial issues, the government put the court in the position of issuing an order on April 16 without the Court's awareness of the speedy trial issues at hand.

Under these circumstances, it is presumptuous for the government to seek a ruling denying Rivera's pending speedy trial motion to dismiss by simply contending, as the government does, that the April 16 order is valid as to Rivera and that the trial date was continued by the order to February 2, 2010.  The government's argument begs the very issue at the heart of the original moving papers: namely, whether the April 16 stipulation was legally defective as to Rivera.  By simply relying on the April 16 order, the

8

government fails to rebut the essential argument raised by the defense: with the passage of the May 5, 2009 trial date, a speedy trial violation occurred because the April 16, 2009 order, which was issued pursuant to the April 8, 2009 stipulation was not properly issued as to Rivera due to the legal defect in the April 8 stipulation.

## II.
## THE EXCLUDABLE TIME AS TO RIVERA EXPIRED ON MAY 5, 2009, AT WHICH TIME THE SPEEDY TRIAL VIOLATION OCCURRED

As the flow-chart above shows, the Court filed an order on October 1, 2008 that continued the trial date from October 14, 2008 to May 5, 2009, pursuant to a stipulation filed on September 17, 2008 that Rivera's counsel agrees was binding as to Rivera. That stipulation agreed to excludable time up through May 5, 2009.

The pending motion contends that no additional excludable time exists beyond May 5, 2009 and that the speedy trial violation therefore occurred on that date, due to the defect in the April 8, 2009 stipulation.

The government argues that there was more excludable time beyond May 5, 2009 because the initial 70-day period under the speedy trial act [see 18 U.S.C. 3161(c)(1)] that began to run as of Rivera's initial appearance on October 24, 2007 had not been used up by the time the First Superseding Indictment was filed on November 15, 2007. The government contends that, even after all the stipulations have been filed, the court can go back to the

9

original 70-day period and the unused days to May 5, 2009. When this add-on is done, the government contends, the period of excludable time extends beyond the filing of the Second Superseding Indictment ("SSI") on May 28, 2009, and so the SSI was filed within the period of excludable time. In essence, the government contends that there is a credit balance left over from the original 70-day period and that this can be added to May 5, 2009.

The government is trying everything possible to resolve the 3-week gap between the passage of the May 5, 2009 trial date, when excludable time expired and the speedy trial violation occurred, and the May 28, 2009 filing of the SSI.

It should be noted that none of the speedy trial stipulations filed in the case contain any reference to available excludable time that is based on unused time remaining from the original 70 day period. There is no reference whatsoever in any of the stipulations that excludable time remains from the original 70-day period. Instead, all of the excludable time established by each stipulation is calculated from the trial date in existence at the time the stipulation is filed, to the new trial date that is being proposed in the stipulation.

The absence of any reference in the stipulations to a remaining, unused portion of the original 70-day period is important because the period of excludable time that the parties should have agreed to in the stipulation should have commenced running as of the completion of the 70-day period. There would be no need for excludable time until the 70-day period had run. From that point forward, excludable time is needed in order to justify a continuance

of the trial date.  Thus, in the stipulation filed on December 17, 2007, the government should have drafted it to set forth the date upon which the 70-day period expires and then have the defendants agree to excludable time from that expiration date up to the new proposed trial date of October 14, 2008.  Instead, the government drafted the stipulation to read that the period of excludable time commenced running as of the existing trial date of December 18, 2007.  Thus, in filing the December 17, 2007 stipulation, the government and defense collectively agree that there is no remaining, available speedy trial time under the original 70-day period under section 3161(c)(1) and that for all future purposes, continuances of the trial date will depend on findings of excludable time under 18 U.S.C. 3161(h).

Moreover, the government's argument regarding this so-called credit balance from the original 70-day period was not made either in the government's opposition to the motion, or orally at the motion hearing.  It is being raised for the very first time in the government's supplement filed after the motion hearing.

The Speedy Trial statute, 18 U.S.C. 3161, does not classify or treat the original 70-day period as excludable time.  It is simply the time period within which the defendant is legally entitled to go to trial.  Any time period BEYOND THE 70 DAYS is excludable time, but not the 70 days itself.

The 70-day rule is set forth in subsection (c) of the statute, as follows:

11

> **(c)**
>
> **(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence *within seventy days* from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. (Italics Added)**

By its terms, the 70-day period is not a period of excludable time. It is the initial time frame set by statute for protecting a defendant's right to a speedy trial. Nor does the statute make any reference to allowing any unused portion of the original 70 days to be added later on to any subsequent period of excludable time.

The concept of excludable time is contained in an entirely different section of the statute, subsection (h), which is routinely cited in speedy trial stipulations. Subsection (h) begins with the following statement that precedes a lengthy list of circumstances that give rise to excludable time:

> **(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:**

**Nowhere in the lengthy list of factors and reasons that constitute grounds for a finding of excludable time in subsection (h) of 18 U.S.C. 3161 is there any reference to any remaining, unused portion of the original 70-day period being added to any period of excludable time that is based on subsection (h).  Here, the government seeks to add what it refers as an unused portion of the original 70 days to the stipulated finding of excludable time under subsection (h) that is set forth in the stipulation filed on September 17, 2008 that continued the trial to May 5, 2009.  However, the government's argument does not track any language in the statute itself that allows any unused portion of the original 70 days to be added onto any subsequent period of excludable time.**

**Finally, the government cites no authority for the proposition that after stipulations have been filed which provide re-calculations of the speedy trial timetable based on periods of excludable time under subsection (h) of section 3161, the court can still tack on unused portions of the original 70 days to find more excludable time.  Not a single case is cited for this proposition.**

**In short, the government is stuck with the reality that on May 5, 2009, with the passage of that trial date, defendant Rivera's speedy trial rights were violated due to the defect in the April 8, 2009 stipulation which failed to properly establish excludable time to continue the May 5 trial date as to Rivera to February 2, 2010.**

**Accordingly, the pending motion to dismiss for speedy trial should be granted.**

13

1  As previously briefed, the defense requests that the court grant the
2  motion with prejudice.  To the extent the Court is undecided on whether the
3  dismissal should be with or without prejudice, the defense respectfully renews
4  its request for an evidentiary hearing.
5
6
7
8  DATED: March 15, 2010            Respectfully Submitted,
9
10
11              _____/S/_____
    **GREGORY NICOLAYSEN**
12  **Counsel for Defendant,**
    **Alexander Rivera**
13